UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

CHRISTOPHER GRANT,

                                  Plaintiff,

        -against-

CITY OF NEW YORK, TROY PRESCOD, Individually,
DIMITRIJ PROKOPEZ, Individually, JOHN and JANE
DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

17 CV 00052
(JBW) (JO)

<u>Jury Trial Demanded</u>

Plaintiff CHRISTOPHER GRANT, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff CHRISTOPHER GRANT is a thirty-two-year-old African American man residing in Queens County.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, TROY PRESCOD, DIMITRIJ PROKOPEZ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On October 6, 2015, beginning at approximately 2:00 p.m., in front of the NYPD 108th Police Precinct station house, located at 5-47 50th Ave, Long Island City, New York 11101, plaintiff was repeatedly and gratuitously shoved, and unjustifiably injured, by defendant NYPD Officer TROY PRESCOD, in the presence of defendant NYPD Officer DIMITRIJ PROKOPEZ, who failed to intervene or come to the aid of plaintiff.

13. At the aforesaid time and place, defendant PRESCOD was walking plaintiff from the precinct to a NYPD motor vehicle when he unjustifiably shoved plaintiff down a set of stairs while plaintiff was handcuffed, causing plaintiff to fall to his knees.

14. Defendant PRESCOD then picked plaintiff up and escorted him to an unmarked NYPD vehicle.

15. Once at the vehicle, defendant PRESCOD shoved plaintiff into the vehicle, and despite the fact that plaintiff was clearly not safely seated or secured in the vehicle, defendant PRESCOD immediately slammed the door, causing the door to slam on plaintiff's right hand.

16. Plaintiff screamed in pain.

17. Plaintiff's right hand swelled and caused him pain. Plaintiff's knees were also injured and caused him pain.

18. Plaintiff was subsequently and consequently diagnosed with a fracture of his fifth metacarpal bone in his right hand and bilateral knee contusions.

19. Defendants PROKOPEZ and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

20. Defendant NYPD officers PRESCOD and PROKOPEZ owed a duty to plaintiff to ensure his safety in their custody.

21. Defendant NYPD officers PRESCOD and PROKOPEZ breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody.

22. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff CHRISTOPHER GRANT of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

24. The acts complained of were carried out by the individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27. All the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of

using excessive force.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from investigations by the New York City Department of Investigation Office of the Inspector General, lawsuits, notices of claims, and complaints filed with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

29. Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at http://www1.nyc.gov/assets/oignypd/downloads/pdf/oig_nypd_use_of_force_report_-_oct_1_2015.pdf. Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases. The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force." The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. As a result of the foregoing, plaintiff CHRISTOPHER GRANT sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendant Prescod)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The level of force employed by defendant PRESCOD was excessive, objectively unreasonable, and otherwise in violation of plaintiff CHRISTOPHER GRANT'S constitutional rights.

35. As a result of the conduct of defendants, plaintiff CHRISTOPHER GRANT was subjected to excessive force and sustained serious physical injuries and emotional distress.

36. As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Defendant Prokopez)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendant PROKOPEZ had an affirmative duty to intervene on behalf of plaintiff

CHRISTOPHER GRANT, whose constitutional rights were being violated in their presence by other officers.

39. Defendant PROKOPEZ failed to intervene to prevent the unlawful conduct described herein.

40. As a result of the foregoing, plaintiff CHRISTOPHER GRANT was subjected to excessive force and he was put in fear of his safety.

41. As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THRID CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against John/Jane Doe Defendants)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

44. As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FORTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The City of New York engaged in a policy, custom or practice of using excessive force and inadequate screening, hiring, retaining, training and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff CHRISTOPHER GRANT'S rights as described herein. As a result of the failure of the City of New York to properly train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTOPHER GRANT.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTOPHER GRANT as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHRISTOPHER GRANT as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff

CHRISTOPHER GRANT was subjected to physical abuse.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRISTOPHER GRANT'S constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff CHRISTOPHER GRANT of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force; and

    B. To be free from the failure to intervene.

54. As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

57. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

59. Plaintiff has complied with all conditions precedent to maintaining the instant

action.

60. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Assault under the laws of the State of New York against Defendants Prescod, Prokopez, and City of New York)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. As a result of the foregoing, plaintiff CHRISTOPHER GRANT was placed in apprehension of imminent harmful and offensive bodily contact.

63. As a result of defendants' conduct, plaintiff CHRISTOPHER GRANT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

64. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

65. As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Battery under the laws of the State of New York against Defendants Prescod and City of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendant PRESCOD made offensive contact with plaintiff CHRISTOPHER GRANT without privilege or consent.

68.     As a result of defendant PRESCOD's conduct, plaintiff CHRISTOPHER GRANT suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

69.     Defendant City, as employer of defendant PRESCOD, is responsible for said officer's wrongdoing under the doctrine of *respondeat superior*.

70.     As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against defendants Prescod, Prokopez, and City of New York)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

73.     Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*.

74.     As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CHRISTOPHER GRANT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        August 3, 2017

                                            BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff CHRISTOPHER GRANT
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     s/ Brett Klein
        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CHRISTOPHER GRANT,

                                  Plaintiff,

                                                                         17 CV 00052
-against-                                                   (JBW) (JO)

CITY OF NEW YORK, TROY PRESCOD, Individually,
DIMITRIJ PROKOPEZ, Individually, JOHN and JANE
DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132